IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAIAH JOHNSON, #R73381, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-01280-SMY |
| | ) |
| ANTHONY D. WILLS, | ) |
| NURSE CRANE, | ) |
| NURSE CRAIN, | ) |
| JOHN DOE 1, | ) |
| and JOHN DOE 2, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Isaiah Johnson, an inmate in the custody of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations at Menard Correctional Center. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant must be dismissed. *Id*.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 5-12): Plaintiff transferred from Joliet Correctional Center to Menard Correctional Center on October 18, 2023. *Id*. at 5. While at Joliet, Plaintiff was diagnosed with two hernias in need of surgical repair, and he was scheduled for surgery in November 2023. He was also prescribed Ritalin for his unspecified mental illness. Menard's staff disregarded these orders from October 2023 to May 2024.

1

During intake at Menard, Plaintiff informed the nurses about his medical conditions, and they instructed him to request further evaluation and treatment using sick call slips. Plaintiff followed the instructions by submitting written requests for an appointment with mental health staff to discuss reinstatement of his psychotropic medication and with medical staff to reschedule surgery and reinstate his pain medication on October 26, 2023. *Id*. at 5.

On the same date, Plaintiff filed an emergency grievance to complain about the sleeplessness that accompanied the sudden cessation of his psychotropic medication and the pain caused by his untreated hernias. *Id*. Warden Anthony Wills deemed the grievance an emergency on November 1, 2023, but took no other steps to address the matter. Warden Wills knew that granting the emergency grievance would result in no access to mental health treatment or medical care without further action. The warden's inaction caused the denial of appropriate care. *Id*. at 8.

Plaintiff was denied psychotropic medication and mental health treatment. He was not seen by a psychiatrist or nurse before or after his medication was stopped. *Id*. at 6. Menard's nurses simply informed him that the prison would not allow Ritalin. When Plaintiff's medication was suddenly discontinued, he suffered sleeplessness, dizziness, and headaches. *Id*. at 5, 7. He submitted written requests for treatment directly to the mental health department, and John Doe 2 (mental health administrator (MHA)) denied his requests. *Id*. at 6-7. After sixty days, Plaintiff finally met with a psychiatrist and nurse to discuss his mental health issues and his need for prescription medication. However, he never saw a psychologist or licensed qualified mental health professional (QMHP) because Menard does not employ either one. *Id*. at 7. Plaintiff blames all defendants for creating a system aimed at denying necessary mental health care. *Id*. at 8.

Although Plaintiff's hernia surgery was rescheduled for January 2024, his pain medication was discontinued until he underwent surgery. *Id*. From October 2023 until January 2024, Plaintiff

2

suffered from unnecessary stomach and groin pain. *Id*. He repeatedly asked the nurses for pain medication. Nurse Practitioner Crain made weekly rounds in the housing unit and denied these requests. *Id*. at 6. Nurse Crain, Nurse Crane, and John Doe 1 (medical director) never placed Plaintiff in line for nurse sick call. *Id*. at 7-8.

## Discussion

Based on the allegations, the Court finds it convenient to designate the following claims in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendants for discontinuing Plaintiff's psychotropic medication without warning and refusing to reinstate it beginning October 2023.

**Count 2:** Eighth Amendment claim against Defendants for denying Plaintiff mental health treatment at Menard beginning October 2023.

**Count 3:** Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care, including surgery and pain medication, for two hernias at Menard from October 2023 through January 2024.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

To state an Eighth Amendment claim for the denial of medical care, a plaintiff must plead facts demonstrating a sufficiently serious medical or mental health need and suggesting that each defendant acted with deliberate indifference to the need by consciously disregarding it. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Kupsky v. McLaren*, 748 F. App'x 74 (7th Cir. 2019).

In Counts 1 and 2, Plaintiff describes an unspecified mental health condition that was diagnosed by a physician or mental health professional as requiring treatment with Ritalin at Joliet and resulted in sleeplessness, dizziness, and headaches when treatment was suddenly discontinued

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

at Menard.  These allegations describe an objectively serious mental health need.  *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (finding medical need objectively sufficiently serious where it has been diagnosed by a physician as requiring treatment or where the need for treatment would be obvious to a lay person).  Plaintiff's allegations also suggest deliberate indifference on the part of Warden Wills, Nurse Crain, Nurse Crane, John Doe 1, and John Doe 2, for their roles in denying or disregarding his requests for mental health treatment and reinstatement of his psychotropic medication.  Therefore, Counts 1 and 2 will proceed against the defendants in their individual capacities.

In Count 3, Plaintiff also describes an objectively serious medical need – two hernias in need of surgery and pain relief.  His allegations suggest deliberate indifference on the part of all defendants who played a role in denying or delaying his treatment for pain associated with the hernias from October 2023 until January 2024.  *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) (delay in treating non-life-threatening but painful condition may amount to deliberate indifference where it exacerbates inmate's injury or unnecessarily prolongs his pain).  Accordingly, Count 3 will also receive further review against the defendants in their individual capacities.

### Identification of Unknown Defendants

Plaintiff may proceed with his claims in Counts 1 through 3 against John Does 1 and 2, once these defendants are identified.  Plaintiff will have the opportunity to engage in limited discovery to ascertain their identity.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  The Current Warden of Menard Correctional Center (official capacity only) will be added to the docket in CM/ECF for purposes of responding to discovery aimed at identifying these unknown defendants.  Once their names are discovered, Plaintiff must file a motion to

substitute each newly identified defendant in place of their generic designations in the case caption and through the Complaint.

### Motion for Temporary Restraining Order and/or Preliminary Injunction

Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 3), in which he seeks relief that extends beyond the scope of this Complaint. This includes a court-appointed monitor to ensure proper medical and mental health care, additional access to recreation, improved conditions in segregation, and access to rehabilitation and education programs at Menard. *Id*. The Complaint addresses the denial of mental health treatment and medical care. Plaintiff alleges that he has obtained relief for some or all of these serious medical and/or mental health needs, including reinstatement of psychotropic medication, pain medication, and hernia surgery. His urgent request for additional care, improved conditions in segregation, recreation, and programs exceeds the scope of this lawsuit.

Interim injunctive relief is appropriate only if it is of the same character sought in the underlying suit. *See Oswald v. Dep't of Corr.*, 17-CV-1437-PP, 2018 WL 4623583, at *2 (E.D. Wis. Sept. 26, 2018) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813-bbc, 2013 WL 6331346, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction for issues outside scope of complaint)). For this reason, the motion is **DENIED without prejudice**.

### Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNTS 1, 2,** and **3** will proceed against **ALL INDIVIDUAL DEFENDANTS**.

The **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER**, in his or her official capacity only, is **ADDED** as a defendant for purposes of identifying the two unknown

defendants and implementing any injunctive relief ordered in this action.

The Clerk shall prepare for Defendants **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only), ANTHONY WILLS, NURSE CRAIN, NURSE CRANE,** and, once identified, **JOHN DOE 1** and **JOHN DOE 2**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order. Menard's Current Warden must only file an appearance in this matter and need not answer the Complaint.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the

costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD Defendant CURRENT WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only) in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED**.

**DATED: 5/21/2024**

s/*Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

      Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.