IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAIAH JOHNSON, #R73381, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 24-cv-01280-SMY |
| | ) |
| ANTHONY D. WILLS, | ) |
| NURSE CRANE, | ) |
| NURSE CRAIN, | ) |
| C. MORRIS, and | ) |
| WEXFORD HEALTH SOURCES, | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Isaiah Johnson's motion for leave to file amended complaint (Doc. 28). Plaintiff is an inmate currently incarcerated at Menard Correctional Center. Following preliminary review of his Complaint, Plaintiff was allowed to proceed on the following claims against Defendants Anthony Wills, Nurse Crane, Nurse Crain, John Doe 1, and John Doe 2, in their individual capacities:

> **Count 1:** Eighth Amendment claim against Defendants for discontinuing Plaintiff's psychotropic medication without warning and refusing to reinstate it beginning October 2023.
>
> **Count 2:** Eighth Amendment claim against Defendants for denying Plaintiff mental health treatment at Menard beginning October 2023.
>
> **Count 3:** Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care, including surgery and pain medication, for two hernias at Menard from October 2023 through January 2024.

(Doc. 7). The Court added Warden Anthony Wills, in an official capacity, to help identify John Doe 1 and 2 by name and implement any injunctive relief ordered in this case. *Id*. The Court also

1

entered an order providing instructions for naming John Doe 1 and 2 and setting a deadline of August 14, 2024 for doing so and moving for their substitution (Doc. 15). Plaintiff instead filed a motion for leave to amend the complaint. (Doc. 28).

Plaintiff's proposed First Amended Complaint (Docs. 28 and 28-1) is identical to the original Complaint, except for the addition of the following underlined paragraphs: 5, 6, 24, 26, 31-34, and 37-42 and the resulting renumbering of other paragraphs. In the proposed amendment, Plaintiff dismisses John Doe 1, substitutes C. Morris for John Doe 2, and adds Wexford Health Sources as defendants. He alleges that Wexford had a policy, custom, or widespread practice of denying inmate medical care and mental health treatment through the use of understaffing at Menard. This caused Plaintiff to lose access to necessary psychotropic medication (Ritalin), pain medication (Remeron), mental health treatment, and medical care for his hernia. In new paragraph 36, Plaintiff also alleges that C. Morris is a mental health administrator who knowingly and willingly denied him necessary mental health treatment, alongside the other defendants. Taken together, the original and new allegations are sufficient to articulate claims against Nurse Crane, Nurse Crain, C. Morris, Anthony Wills, and Wexford in Counts 1, 2, and 3.

Accordingly, Plaintiff motion for leave to amend complaint (Doc. 28) is **GRANTED**. The Clerk's Office is **DIRECTED** to **RE-FILE** Docs. 28 and 28-1, *together*, as the First Amended Complaint in CM/ECF.

The First Amended Complaint (Docs. 28 and 28-1) survives screening under 28 U.S.C. § 1915A. **COUNTS 1, 2,** and **3** will proceed against **ANTHONY WILLS, NURSE CRANE, NURSE CRAIN, C. MORRIS**, and **WEXFORD HEALTH SOURCES.**

The Clerk is further **DIRECTED** to **DISMISS JOHN DOE 1**, **SUBSTITUTE C. MORRIS** in place of Defendant **JOHN DOE 2**, **ADD WEXFORD HEALTH SOURCES** as a

defendant in CM/ECF, and **SERVE** Defendants **MORRIS** and **WEXFORD** with this Order, the First Amended Complaint, and a copy of the Order for Service of Process (Doc. 7), in accordance with the instructions at Doc. 7.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in the original Order for Service of Process (Doc. 7) and this Order**.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/1/2024**

s/*Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**