# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAIAH JOHNSON, #R73381, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 3:24-cv-01280-SMY-RJD |
| | ) |
| ANTHONY D. WILLS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for the Issuance of Subpoenas (Doc. 68) to which Defendant Wexford Health Sources, Inc. ("Wexford") filed a Response (Doc. 70) and Defendant Wills also responded (Doc. 72). This matter also comes before the Court on Defendant Wexford's Motion for Protective Order (Doc. 71); neither Plaintiff nor Defendants Wills and Morris responded to the Motion for Protective Order. These motions were referred to the undersigned by District Judge Yandle, pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). Docs. 69 and 73. Defendants have not provided the undersigned with enough information to rule on these matters and therefore the Court set a motion hearing via videoconference on July 22, 2025. Doc. 74. However, this Order directs Defendants to submit additional pleadings that may obviate the need for a motion hearing.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983. He alleges that his Eighth Amendment Constitutional rights were violated at Menard. Following preliminary

review of his First Amended Complaint and Plaintiff's voluntary dismissal of certain Defendants, Plaintiff proceeds on the following claims against Defendants Anthony Wills, C. Morris, and Wexford:

> Count 1: Eighth Amendment claim against Defendants for discontinuing Plaintiff's psychotropic medication without warning and refusing to reinstate it beginning October 2023.
>
> Count 2: Eighth Amendment claim against Defendants for denying Plaintiff mental health treatment at Menard beginning October 2023.
>
> Count 3: Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care, including surgery and pain medication, for two hernias at Menard from October 2023 through January 2024.

(Doc. 34). Wexford is a private company that contracts with the IDOC to provide medical care to inmates.

In his Motion for issuance of subpoenas, Plaintiff asks the Court to issue a subpoena to Wexford for the contract(s) and agreement(s) between Wexford and IDOC. Since Wexford is a party, a subpoena is not necessary. Wexford responds, stating that it will produce the contract between Wexford and IDOC, but it wants the contract to be produced pursuant to protective order. Wexford's proposed protective order provides that Plaintiff cannot keep the contract; he will only be able to view it under supervision of "a person working at Menard" who will arrange for a time and place for Plaintiff to review the contract.

Neither Plaintiff nor Defendant Wills (who is the Warden at Menard) filed an objection to Wexford's Motion for Protective Order. Nevertheless, a protective order can only be issued for good cause. FED. R. CIV. P. 26(c). The Court questions why a protective order is necessary, considering that the contract between Wexford and IDOC is presumably a public document that can be obtained via a request pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1 *et seq*. Through a simple search on the internet, the Court was able to view a copy of at least one

contract between Wexford and IDOC that was obtained by a legal clinic pursuant to FOIA request.[1] **Accordingly, on or before July 16, 2025, Defendant Wexford shall file a supplemental memorandum to its Motion for Protective Order that sufficiently explains why its proposed measures to keep the Wexford/IDOC contract confidential are necessary.**

The language in the proposed protective order ("Wexford's policies, procedures, and documents contain highly sensitive and proprietary business information that could be very valuable to its competitors if publicly released") suggests that Wexford intends to apply the provisions in the protective order to documents and information other the contract. If that is the case, **Wexford shall include in its supplemental memorandum a description of those documents and information and an explanation for why those documents and information must be protected.**

Moreover, the proposed protective order necessarily requires IDOC resources to move Plaintiff to and from a viewing area and be allowed time to spend in that area reviewing the contract. The Court hesitates to enter such an order without Defendant Wills' input as to whether IDOC staff at Menard have the resources to make such arrangements. Perhaps Wexford employees (as persons "working at Menard") may assist with this process, but the Court presumes Wexford employees' time is better spent providing medical care to inmates (especially if, as explained above, all these efforts are for a document that can be obtained via FOIA request). **On or before July 16, 2025, Defendant Wills SHALL file a Response to the Motion for Protective Order (Doc. 71) that addresses whether the procedures outlined in Defendants' protective order can be performed without disrupting prison operations.**

Plaintiff also wants to issue a subpoena to IDOC, which is not a party. However, the

---

[1] https://www.uplcchicago.org/resources/wexford-health-contract-with-idoc.html (last accessed July 2, 2025).

documents that he wants to subpoena from IDOC (the contract between Wexford and IDOC, letters from mental health staff, and Plaintiff's medical writ history) are presumably in Defendant Wills' custody, possession, or control because Defendant Wills is the Warden at Menard. **On or before July 16, 2025, Defendants Wills shall file an additional response to Plaintiff's Motion for Issuance of Subpoenas that explains whether a subpoena to IDOC (a non-party) is necessary because he does/does not have access to the documents listed in paragraph 7 of Plaintiff's Motion for Issuance of subpoenas.**

After receiving Wexford's supplemental memorandum and Defendant Wills' additional responses (as outlined above), the undersigned will determine whether the motion hearing is necessary.

**IT IS SO ORDERED.**

**DATED:   July 2, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**